■ JEAN NUGENT, as Administratrix of the Estate of JEAN NUGENT, Deceased, Respondent, v. HELEN DOWNING, Appellant.— Appeal by defendant, as limited by her brief, from so much of an order of Supreme Court, Kings County, dated October 17, 1968, as granted respondent's cross motion to amend her complaint. Order affirmed insofar as appealed from, with $10 costs and disbursements. No opinion. Christ, Brennan, Rabin and Kleinfeld, JJ., concur; Beldock, P. J., dissents and votes to reverse the order insofar as appealed from and to deny the cross motion to amend the complaint, with the following memorandum: This appeal is from Special Term's grant of permission to the plaintiff administratrix to amend the original complaint for personal injuries so as to add a cause of action for wrongful death of the intestate. In June, 1965, the intestate was injured when the motorcycle on which she was a passenger was allegedly struck by defendant's automobile. In 1966, during the intestate's lifetime, an action was instituted against defendant to recover damages for the personal injuries. Thereafter, in May, 1966, approximately 11 months after the accident, the intestate committed suicide; the autopsy showed the cause of death as barbiturate poisoning. In 1968, the administratrix of the intestate's estate cross-moved to amend the complaint, alleging that the cause of the suicide was the injuries sustained in the accident. In support of the cross motion, a medical affidavit, sworn to by a physician who had *not* treated the intestate and whose conclusions were based primarily on the intestate's medical history vis-a-vis the accident, was submitted to establish the causal relationship between the accident and the suicide. In my opinion, the medical affidavit, which was based solely upon the report of the attending physician who had treated the intestate for her injuries (which did not appear to be too serious), the hospital record concerning the injuries, the medical report and autopsy concerning the suicide, and a past history of the intestate's conduct obtained from undisclosed sources, was devoid of any competent proof showing a causal relationship between the accident which occurred in 1965 and the intestate's suicide in 1966, approximately 11 months after the accident (cf. *Coleman v. Gelb*, 12 A D 2d 915; *Bedarf* v. *Rosenbaum*, 286 App. Div. 1103). No competent medical proof as to the intestate's emotional or mental condition subsequent to the accident has been offered and, in the absence of such proof, the doctor's conclusions as to the causal relationship is based on nothing more than conjecture and speculation. Accordingly, it is my opinion that the cross motion should have been denied.